■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS JEFFERS, Appellant.

On February 27, 1981, a felony complaint was issued against defendant charging him with burglary and grand larceny, both in the third degree, and a warrant was issued for his arrest. Despite their efforts, the police were unable to locate the defendant.

On August 1, 1981, the defendant went to the police station voluntarily and inquired about the possibility of an outstanding warrant. At that time he was incorrectly advised that there was no warrant pending against him, apparently because it had been filed under one of his aliases.

Shortly thereafter, on August 29, 1981, the defendant was arrested for the crimes charged in the February felony complaint. A preliminary felony hearing was then conducted on September 28, 1981, and the case was held for the Westchester County Grand Jury, which returned an indictment in the County Court, Westchester County, on November 12, 1981. The defendant was subsequently arraigned upon that indictment on December 4, 1981, at which time the People announced that they were ready for trial.

The defendant moved, *inter alia,* to dismiss the indictment pursuant to CPL 30.30, on the ground that he had been denied his statutory right to a speedy trial because the People were not ready to try the case until nine months after the filing of the felony complaint. That branch of his motion was denied, however, on the ground that the six-month period between the filing of the felony complaint in February and the defendant's voluntary appearance at the police station could not be

charged to the People since the defendant was not represented by counsel during that period (CPL 30.30 [4] [f]).

We agree that the defendant was not deprived of his statutory right to a speedy trial.

In *People v Bratton* (103 AD2d 368, *affd* 65 NY2d 675), decided subsequent to the instant matter at Criminal Term, it was held that the policy of the Westchester County District Attorney's office not to indict absent defendants constituted an adequate excuse for the failure to indict. Accordingly, the People cannot be charged with the six-month period of the defendant's absence during which they failed to indict. Therefore, it is clear that the defendant was not deprived of a speedy trial.

We have considered the defendant's remaining contention and have found it to be without merit. Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.